## NORRIS v. McGAFFICK.

1. Descent: FROM CHILD TO PARENT, GRANTOR AND GRANTEE.—When the intestate survived his father and died without issue and unmarried, it was held that, under the statute of distribution (Rev. 1860, §§ 2494–8) the mother acquired only a life estate in his realty; that her grantee did not receive a fee simple title, and was entitled either to a rescission of the contract upon equitable terms, or to an allowance for the difference between the estate purchased and the one actually acquired.

*Appeal from Mahaska District Court.*

WEDNESDAY, OCTOBER 3.

THIS is a controversy submitted to the District Court without action, under the provisions of chapter 131 of the Revision of 1860. The judgment was rendered in favor of defendant, and the plaintiff appeals.

*Seevers and Williams,* for appellant, submitted the cause without argument.

No appearance for appellee.

COLE, J.—The following is, in substance, the agreed statement of facts: George Fent and Philip Fent were the owners of one hundred and sixty acres of land in Mahaska county. In March, 1850, Philip Fent died intestate, leaving Matilda Fent, his widow, and George W. Fent, his only child. Afterward Matilda Fent and Henry McGaffick married, and are still husband and wife; that no proceedings to allot dower were ever had, but a partition was had between George Fent and George W. Fent, whereby a certain eighty acres were allotted to George W. Fent; that in October, 1862, George W. Fent died without leaving wife or issue, being then about twelve years of age; that after his death, George Fent conveyed all his interest in the eighty acres allotted to George W. Fent to Matilda and Henry McGaffick; that afterward, Matilda and Henry McGaffick sold and conveyed, by deed of general warranty, the said eighty acres to John F. Norris, in consideration of two thousand dollars in hand paid therefor; that said Henry and Matilda McGaffick have now five children born to them since their marriage; that the said George Fent is still living, he being the grandfather of the said George W. Fent; that said Philip Fent had nine brothers and sisters, all of whom, or their children, were living at the time George W. Fent died.

Norris claims to recover the entire purchase-money, because he got no title by the conveyance to him; while McGaffick claims that Norris got a complete title by the conveyance, and has no right to recover.

*[margin note: 1. DESCENT: child to parent; grantor and grantee.]*

Under the law in force at the time of the death of Philip Fent, this real estate descended to his only child, George W. Fent, subject to his widow's right of dower therein. About this there is no controversy.

In order to present an intelligible view of the questions made, it is necessary to set out the language of the statute of distributions bearing upon them. Sections 1410 and 1411 of the Code of 1851, were as follows:

"1410. If the intestate leave no issue, the one half of his estate (including the dower of the wife) shall go to his father, and the other half to his wife; and if he leave no wife nor issue, the whole shall go to his father.

"1411. If his father be previously dead, the portion which would have fallen to his share by the above rules shall be disposed of in the same manner as though he had outlived the intestate and died in the possession and ownership of the portion thus falling to his share, and so on through each ascending ancestor and his issue, unless heirs are sooner found."

Chapter 63 of the Laws of 1858, now a part of the Revision of 1860, is as follows:

"Section 2494(1). Be it enacted by the General Assembly of the State of Iowa, that sections 1410 and 1411 of the Code are hereby repealed, and that the descent of property as prescribed by these provisions of the Code be modified as follows: Section 2495(2). If the intestate leave no issue, the one-half of his estate shall go to his parents and the other half to his wife; if he leave no wife, the portion which would have gone to her shall go to his parents.

"Section 2496(3). If one of his parents be dead, the portion which would have gone to such deceased parent shall go to the surviving parent, including the portion which would have gone to the intestate's wife had she been living.

"Section 2497(4) (has no bearing on this case).

"Section 2498(5). If the mother be the surviving parent, as contemplated in section three of this act (Rev., § 2496), she shall take only a life estate in the intestate's property, and, after her death, it shall go to the children of her body, if there be any, had by her deceased husband, he being the father of the intestate. If there be no such children, nor issue of such children in the descending line, then the intestate's property shall be divided between the nearest heirs of the father and mother of the intestate, share and share alike, and, after such distribution is made, the same rules shall be applied to any further distribution thereof as prescribed in this act."

Having thus before us the agreed statement of facts and the law as it formerly stood, as well as the law now in force and governing the same, there is but little difficulty in determining the question of title presented by the parties in the case.

The intestate, George W. Fent, left no issue; and in such case, by the first clause of section 2495, one-half of his estate would go to his parents and the other half to his wife. But he left no wife; and in such case, by the last clause of the same section, the portion which would have gone to her, would go to his parents, his father and mother. But, further, we find that one of his parents, to wit, Philip Fent, his father, was dead; and, in such case, by section 2496, the portion of such parent goes to the survivor. But, finally, we further find that the surviving parent is the mother; and, in such case, by the first clause of section 2498, she takes only a life estate in the intestate's property.

It follows, therefore, that Matilda McGaffick acquired only a life estate in the real estate of her son, George W. Fent, deceased; and that the plaintiff, John F. Norris, did not acquire a title in fee simple to the real estate in controversy, by reason of the heirship of Matilda and the

conveyance executed to him by Matilda and Henry McGaffick. So far as the claim of title acquired by Matilda and Henry McGaffick, through the conveyance to them by George Fent, the grandfather, is concerned, it remains only to say that he has and had no present title to the land conveyed; and whether he will ever have any, must, by the last clause of section 2498, depend upon his being the nearest heir of Philip Fent, deceased, the father of George W. Fent, deceased, intestate, at the termination of the life estate of Matilda, the mother.

The judgment of the District Court is therefore reversed, and the cause is remanded. If the parties fail to agree as to the terms of rescission of the contract of sale and conveyance of the real estate, the District Court will, after full hearing, enter such judgment as required by the facts to be shown and the rules of law and equity applicable thereto, allowing Norris for interest and charging him for rent; or, in case he elect to keep the title he has, to ascertain its value, and award him judgment for the balance, or the like.

Reversed.